RECEIVED
IN ALEXANDRIA, LA
AUG 24 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC C. HENDERSON<br>FED. REG. NO. 16582-058<br>VS. | CIVIL ACTION NO. 09-0857<br>SECTION P<br>JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Eric Henderson filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the United States District Court for the Middle District of Pennsylvania on October 6, 2008. Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP) seeks credit against his federal sentence for time spent in the custody of the State of North Carolina.

When suit was filed, petitioner was incarcerated at the United States Penitentiary, Allenwood, Pennsylvania, (USPA) therefore USPA's Warden was named as respondent. On October 17, 2008 petitioner was transferred to the United States Penitentiary, Pollock, Louisiana (USPP) and thereafter, this action was transferred to this Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

The undersigned has substituted USPP Warden Joe Keffer as

the appropriate respondent. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## *Background*

As noted above, the respondent was served [rec. docs. 5, 6, and 7] and a response [rec. doc. 9] with relevant exhibits [rec. doc. 9-2] was submitted. Petitioner then "traversed" the response and provided additional exhibits [rec. doc. 10]

The relevant facts are not disputed. The pleadings and exhibits and record from the United States District Court for the Western District of North Carolina establish the following relevant and undisputed facts:

1. Prior to March 27, 2001 petitioner was in the custody of the State of North Carolina awaiting trial on a felony offense in that jurisdiction.

2. On March 27, 2001, the United States Marshals Service (USMS) obtained temporary custody of the petitioner from the State of North Carolina via a writ of *habeas corpus ad prosequendum*. [See United States of America v. Eric C. Henderson, No. 3:01-cr-34 at rec. doc. 3]

On September 26, 2001 petitioner pled guilty to a charge of possession of a firearm by a convicted felon. [No. 3:01-cr-34 at rec. doc. 11] On March 6, 2002 he was sentenced to imprisonment for 100 months. The sentence was silent with regard to the ordering of sentences. [No. 3:01-cr-34 at rec. doc. 17]

3. On March 8, 2002, petitioner was returned to the custody of the State of North Carolina, and, on May 13, 2002 he pled guilty to a charge of assault with a deadly weapon inflicting serious injury in the Superior Court of Mecklenburg County, North Carolina. He was sentenced to serve 63 months in custody of the North Carolina Department of Corrections with credit for 421 days spent in custody prior to the date of sentencing. The North Carolina court specified that his sentence was to be concurrent with any federal sentence. [rec. doc. 10, pp. 8-10]

4. On May 29, 2005 the State of North Carolina released petitioner to the custody of the USMS and he commenced serving his 100 month federal sentence. [rec. doc. 9-2]

5. Petitioner requested credit against his federal sentence for the time spent in the custody of the State of North Carolina. On October 19, 2007, the BOP conducted a review pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990) and, since it was determined that petitioner had accumulated 49 incident reports during the period he was incarcerated, his request was denied. [rec. doc. 9-2]

6. On October 6, 2008 petitioner filed the instant petition alleging the following claim for relief – "Petitioner is challenging the execution of his sentence and the way it's being carried out. The miscomputation [sic] of his sentence."

In support of his claim he argued,

> Petitioner states that at his plea arraignment the plea
> bargain was for the sentence to be in the presumptive
> range for this class prior record level IV concurrent
> with federal sentence now being served. As to date
> that has not been computed correctly and petitioner is
> receiving a longer term of imprisonment than he thought
> he would receive or told he would receive by his
> Counsel and District Attorney. Because the petitioner
> was sent and stayed in State Custody serving his term
> and was not brought to the Federal Government until
> after the service.
>
> The government did not honor the order of the State
> Court that the sentence should be run concurrently
> violating the Constitution's full faith and credit
> clause and 5th Amendment right to due process. Counsel
> was ineffective for not properly advising the
> petitioner of such possible actions and these actions
> clearly invalidated the plea to which petitioner
> entered into. This error worked to the petitioner's
> actual and substantial disadvantage. Allowing for the
> petitioner's plea to be unwilling and unknowingly and
> for petitioner to receive a longer term than what he
> bargained for receiving. [rec. doc. 1, pp. 3-4]

In response to a show cause order, the respondent requested transfer of the case and the denial of relief arguing that petitioner's sentence has been correctly computed and that the denial of his request credit for time served was proper. [rec. doc. 9]

### *Law and Analysis*

### *1. 18 U.S.C. §3585.*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas corpus* provides the appropriate remedy. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of

4

*habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001). "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. <u>United States v. Wilson</u>, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>
> (Emphasis supplied)

Petitioner was taken into custody by North Carolina officials sometime prior to March 27, 2001. He remained in the custody of North Carolina officials until May 29, 2005.

5

Petitioner was given credit against his North Carolina sentence for all of the time he served in custody beginning 421 days preceding his conviction and ending on the date he was released to federal custody – May 29, 2005. Under the plain language of the above cited statute, he cannot obtain credit against his federal sentence for time served prior to May 29, 2005 because he has already received that benefit with respect to his North Carolina sentence. <u>Wilson</u>, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

### 2. *Barden v. Keohane* Considerations

Petitioner also implies that the BOP erred in denying him *Nunc Pro Tunc* designation of the North Carolina prison for service of his federal sentence. Based upon petitioner's request, the BOP conducted a review as approved in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990). Petitioner's request was denied due to his prison record which showed numerous disciplinary offenses.

Pursuant to <u>Barden</u>, *habeas corpus* relief is available only to compel the BOP to consider such requests from prisoners. Thereafter, the "broad discretion" of the BOP controls with regard to whether a prisoner may be entitled to further relief. <u>Barden</u>, 921 F.2d at 478. Petitioner has not shown an abuse of that broad discretion.

Petitioner further argues that the Constitution's "Full

Faith and Credit Clause", art. IV, §1, requires the BOP to give him credit for the time he served in North Carolina custody since the North Carolina Court ordered his state sentence to be served concurrently with his federal sentence. However, the State's order is not binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 427-30 (5th Cir. 2003).

### 3. Breach of Plea Bargain and Ineffective Assistance of Counsel

Petitioner also implies that his plea agreements were breached and that his attorney rendered ineffective assistance of counsel. To the extent that he attacks the North Carolina conviction/sentence, such claims must be presented to the appropriate United States District Court in a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2254.

To the extent that he attacks the conviction in the United States District Court for the Western District of North Carolina, such claims must be raised in Motion to Vacate filed pursuant to 28 U.S.C. §2255.[1]

---

[1] Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v.

*4. Conclusion*

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States; he fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

---

Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _August 24_, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE